**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1813-21

ASHLEY GEORGES,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted March 4, 2024 – Decided March 12, 2024

Before Judges Sabatino and Mawla.

On appeal from the New Jersey Department of Corrections.

Ashely Georges, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Sara M. Gregory, Assistant Attorney General, of counsel; Dorothy M. Rodriguez, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Ashley Georges appeals from a January 14, 2022 final agency decision by the New Jersey Department of Corrections (DOC), denying his request to be returned to his former housing. We affirm.

Appellant is presently incarcerated at South Woods State Prison (SWSP). He was transferred there from East Jersey State Prison (EJSP) in October 2022. This appeal concerns his housing while he was at EJSP.

On October 21, 2021, appellant and three other inmates were being transported from EJSP to Northern State Prison (NSP) for a medical appointment. Prior to leaving EJSP, the inmates were given the opportunity to use the restroom. While awaiting intake at NSP, appellant stated, "I will just piss in the back of the van," and urinated in the back compartment of the van, including on the back doors. The officers transporting appellant reported "this happened in full view of the other [inmates] and . . . vehicle cameras."

As a result, appellant was charged with: *.012, throwing bodily fluid at any person, N.J.A.C. 10A:4-4.1(a)(1)(x); *.306, conduct which disrupts or interferes with the security or orderly running of the correctional facility, N.J.A.C. 10A:4-4.1(a)(1)(xix); *.053, indecent exposure, N.J.A.C. 10A:4-4.1(a)(1)(vi); and .152, destroying, altering, or damaging government property, N.J.A.C. 10A:4-4.1(a)(4)(i). A hearing officer dismissed the .152, *.306, and

*.053 charges, and reduced the original *.012 charge to an on-the-spot-correction for .651, being unsanitary, N.J.A.C. 10A:4-4.1(a)(5)(xiii). Appellant did not appeal from the adjudication.

Prior to the adjudication, appellant was placed in the Close Custody Unit (CCU) for a day. Following his release from the CCU, he submitted an inmate inquiry form claiming he was released from CCU because the prison determined he should not have been placed there. He was then placed in a different wing because another prisoner was put in his former cell. Appellant complained the adjudicated charges were "bogus" and that he should never have been moved from his former wing where he had resided for approximately seven years.

The DOC responded: "Housing is at the discretion of [the DOC] and EJSP Administration. You will need to re-apply for your previous housing."

Appellant submitted inquiry forms in November and December 2021, requesting a move back to his previous living quarters. He explained he was enrolled in college and needed to return to a single cell again to study and having a cellmate was distracting. The DOC reiterated appellant should "apply through the regular wing move process."

Appellant submitted four more inquiry forms over the course of December 2021 and January 2022. He claimed prison officials were conspiring "to punish

3

[him] for filing various grievances and lawsuits for the conditions of [his] confinement, inadequate law library, [and] delay of medical treatment." He reiterated he was "unjustifiably removed from [his] single cell due to falsified charges that were dismissed for lack of evidence." Appellant claimed he was moved to a "congregated area," exposing him to COVID-19. He further expressed concerns about "changes in [his] behavior due to [his] sudden placement" in the new unit and detailed that being in a single cell helped his mental health, and he had earned this privilege.

The DOC responded appellant's housing assignment was not punitive because he was put in a general population unit. Moreover, "[h]ousing unit assignments are made on a case[-]by[-]case basis in accordance with the provisions set forth in [N.J.A.C.] 10A [and] . . . are based on a variety of criteria." The DOC stated appellant's housing assignment was made after a consideration of the criterion in the regulations and would remain in force.

Appellant filed this appeal in February 2022. He was subsequently transferred to SWSP in October 2022.

I.

Appellant argues the DOC violated his due process rights when he was detained before the disciplinary hearing. He claims there was no basis for the

disciplinary charges because he was "denied the use of the bathroom[,] resulting in him urinating on himself."  Further, after the initial hearing, the hearing officer improperly failed to give him twenty-four hours' notice of the on-the-spot-correction for being unsanitary and did not provide him with a hearing on that charge, as required by N.J.A.C. 10A:4-9.16(b).

Appellant reiterates the housing change and placement in the general population during a "raging pandemic" was completely punitive.  He claims another inmate was issued a disciplinary infraction during the same time, and that inmate was provided a hearing before he was moved.  Moreover, that inmate was moved back to his original housing after a month.  Appellant claims he was treated differently because he "has a history of writing grievances and filing law[]suits."

Our role in reviewing a final decision by the DOC is limited.  Figueroa v. N.J. Dep't of Corr., 414 N.J. Super. 186, 190 (App. Div. 2010).  The decision must not be disturbed on appeal unless it was "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole."  Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980).  Indeed, "[w]ide discretion is afforded to administrative decisions because of an agency's

specialized knowledge." In re Request to Modify Prison Sentences, 242 N.J. 357, 390 (2020).

At the outset, we do not address the arguments relating to the nature of the disciplinary charges, the disciplinary proceeding itself, or its outcome because, as we noted, appellant did not file an administrative appeal from the disciplinary adjudication. See R. 2:2-3(a)(2).

With regards to appellant's arguments relating to his housing, our Supreme Court has stated "prisoners do not have a 'liberty interest' under the due process clause in 'remaining free from transfer to more restricted facilities.'" Request to Modify Prison Sentences, 242 N.J. at 382 (quoting Szemple v. Dep't of Corr., 384 N.J. Super. 245, 249 (App. Div. 2006)). In Shabazz v. Department of Corrections, we held an inmate transferred from a halfway house to jail "did not have a constitutionally protected interest in his initial placement." 385 N.J. Super. 117, 124 (App. Div. 2006). "In addition, under State law, the Commissioner of the [DOC] has complete discretion in determining an inmate's place of confinement, N.J.S.A. 30:4-91.2." Smith v. N.J. Dep't of Corr., 346 N.J. Super. 24, 29 (App. Div. 2001). Therefore, the January 14, 2022 final decision of the DOC was not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6

A-1813-21